Stanley KREGGER, Petitioner

v.

William H. BANNAN, Warden, State Prison of Southern Michigan, Respondent.

Civ. A. No. 17995.

United States District Court
E. D. Michigan, S. D.
Jan. 30, 1959.

846

Posner & Posner, Detroit, Mich., for petitioner.

Paul L. Adams, Atty Gen., Perry A. Maynard, Asst. Atty. Gen., for respondent.

LEVIN, District Judge.

Petitioner was prosecuted in the Circuit Court of Branch County, Michigan, for the felonious killing of his wife. The jury returned a verdict of guilty in the first degree and the sentence re-quired by statute was imposed. Petitioner appealed and his conviction was affirmed. People v. Kregger, 335 Mich. 457, 56 N.W.2d 349. In that appeal he did not submit for review by the Supreme Court of Michigan the alleged error upon which he now bases his right to relief.

The petition for a writ of habeas corpus contends that the trial judge's charge to the jury deprived petitioner of due process of law, as guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

The error he now relies on arises out of the following circumstances. Prior to trial petitioner, in accordance with the requirements of Michigan Statutes Annotated § 28.1043, Comp.Laws 1948, § 768.20, gave notice to the prosecuting attorney that he intended to claim insanity as a defense. At the trial petitioner did not introduce any medical testimony as to his state of mind at the time of the commission of the act for which he was convicted. Indeed, when the State attempted to examine petitioner's doctor on this question, such line of questioning was objected to by petitioner and the objection was upheld. There was, however, testimony to the effect that shortly before the shooting the health of the petitioner was not good; that when his wife refused to talk with him it made him feel worse and petitioner became nervous; that he could not eat well or sleep well; that he thought his wife did not love him; and that he went into the closet of his bedroom and got a gun and said to his wife: "If this is the way you feel about it, I am going to end it all and get out of your way."

In his charge to the jury the trial judge stated:

"* * * no testimony has been introduced in this case on that issue, [the issue of insanity] so you should not give it any further consideration—it is not an element in this case. Dismiss insanity, * * from your mind, there was no testimony on it, that is not before you

to pass upon, and you need not consider it further, it is *out of the case* and has no place in your deliberation whatsoever."

After the affirmance of his conviction by the Supreme Court of Michigan, petitioner filed an application for leave to file a delayed appeal with that court, wherein for the first time he asserted that the trial court committed error in its charge to the jury as to his defense of insanity in that the aforementioned testimony constituted sufficiently substantial evidence to present a question of fact for the jury as to petitioner's sanity or lack of sanity at the time he committed the alleged criminal act. The application was denied as was a petition for reconsideration of the denial. Thereafter the Supreme Court of the United States denied petitioner's application for a writ of certiorari.

It is the petitioner's position that the aforementioned charge to the jury denied him the right to a jury determination on the issue of insanity, and that such denial deprived him of due process of law.

 The mere assertion of the defense of insanity does not of itself entitle a defendant to go to the jury on the alleged defense. "In all English-speaking courts, the accused is obliged to introduce proof if he would overcome the presumption of sanity." Leland v. Oregon, 343 U.S. 790, 799, 72 S.Ct. 1002, 1008, 96 L.Ed. 1302. Under Michigan law an accused person is presumed to be sane, but if the accused introduces evidence to rebut this presumption the prosecution must prove the sanity of the accused beyond a reasonable doubt. People v. Eggleston, 186 Mich. 510, 152 N.W. 944. In order to rebut the presumption of sanity it was necessary for petitioner to introduce evidence to establish that at the time he committed the alleged criminal act he was, by reason of disease of the mind, not capable of knowing he was doing wrong with respect to the act with which he was charged or, if he did know that the act was wrong, that he had not the power to resist the impulse to do the act. People v. Quimby, 134 Mich. 625, 96 N.W. 1061; People v. Durfee, 62 Mich. 487, 29 N.W. 109. The evidence relied upon by petitioner was of no aid to the jury in evaluating petitioner's state of mind with reference to either of these tests. Any finding by the jury on the question of insanity, in the light of petitioner's evidence, could only be a product of mere conjecture or speculation. There was no evidence to justify a charge to the jury on the asserted defense of insanity. Compare, State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1.

 Nor does an assumption that the trial judge was in error in his conclusion as to the presence of substantial evidence on the question of insanity justify the issuance of the writ. Review by habeas corpus of the legality of the detention of a prisoner convicted by state process involves a delicate adjustment of power between sovereign states and the Federal judiciary. In arriving at such an adjustment, the determinations of state courts must be accorded respect and deference except where their procedures violate generally accepted concepts of basic standards of justice.

 On the record before me I find that there was no such element of unfairness in the trial proceedings as to elevate the alleged error, if error it be, to a denial to petitioner of rights guaranteed to him by the Fourteenth Amendment to the Constitution of the United States; therefore,

It Is Ordered that the petition for a writ of habeas corpus be, and the same hereby is denied, and the action dismissed.