## PEOPLE v. CHARLES WILLIAMS

1. CRIMINAL LAW—SENTENCE—JUVENILE RECORDS.

   A trial judge may consider additional factors in determining a sentence and consequently it is not error for him to consider a defendant's juvenile record before imposing sentence.

2. CRIMINAL LAW—JUVENILE RECORDS—PRESENTENCE REPORT—CONSIDERATION.

   A convicted defendant's juvenile record is a legitimate subject of inquiry by a trial court since it reflects upon a defendant's "antecedents, character and circumstances" and forms the basis of a presentence report (MCLA § 771.14).

3. CRIMINAL LAW—JUVENILE RECORDS—SENTENCE.

   Statutory restriction on the subsequent use of juvenile dispositions does not bar post-conviction examination of juvenile records for the purpose of sentencing (MCLA § 712A.23).

4. CRIMINAL LAW—PRESENTENCE REPORT—EXAMINATION.

   Trial judge's failure to permit defendant to admit or to deny the contents of a presentence report was not error where neither defendant nor his attorney requested permission to examine that report.

5. CRIMINAL LAW—SENTENCE—TERM.

   A prison sentence for a number of years is not illegal even though that sentence is, in effect, harsher than a life sentence, which might result in an earlier parole, where a statutory provision permits the imposition of a sentence either for life or for any term of years.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 21 Am Jur 2d, Criminal Law §§ 584, 585.
47 Am Jur 2d, Juvenile Courts § 4.
Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant.   96 ALR2d 768.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 590, 592.

6. CRIMINAL LAW—ASSAULT—ROBBERY ARMED—SENTENCE—TERM.
  Defendant's prison sentence of 25 to 35 years for assault with
    intent to rob being armed was not illegal as it was within the
    statutory limits prescribing either a sentence for life or for
    any term of years (MCLA § 750.89).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 October 16, 1969, at Detroit. (Docket No. 5,807.) Decided October 27, 1969. Application for leave to appeal filed November 22, 1969.

Charles Williams was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defender's Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Defendant Charles Williams pleaded guilty to the charge of assault with intent to rob being armed (CL 1948, § 750.89 [Stat Ann 1962 Rev § 28.284]). He was sentenced to a term of 25 to 35 years.

Defendant's contention that the trial court erred in considering defendant's juvenile record before imposing sentence is without merit. That the trial judge may consider additional factors in determin-

ing sentence is well settled. *People* v. *Williams* (1923), 225 Mich 133; *People* v. *Losinger* (1951), 331 Mich 490; *People* v. *Guillett* (1955), 342 Mich 1; *People* v. *Camak* (1967), 5 Mich App 655. A convicted defendant's juvenile record is a legitimate subject of inquiry, since it reflects upon defendant's "antecedents, character and circumstances." CL 1948, § 771.14 (Stat Ann 1954 Rev § 28.1144). *People* v. *Coleman* (1969), 19 Mich App 250. Moreover, the restriction on the subsequent use of juvenile dispositions contained in CL 1948, § 712A.23 [Stat Ann 1962 Rev § 27.3178(598.23)] does not bar post-conviction examination of juvenile records for the purpose of sentencing. *People* v. *Coleman, supra.* Nor was the failure of the trial judge to permit defendant to admit or deny the contents of the pre-sentence report error. The record discloses no request by defendant or his counsel to examine the presentence report. *People* v. *Camak, supra.*

Defendant also contends that the sentence imposed was illegal. The claim is made that the sentence is, in effect, harsher than a life sentence, since a life sentence might result in earlier parole. We find defendant's sentence was within the limits prescribed by CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284). We find no reversible error in the punishment imposed. See *People* v. *Harwood* (1938), 286 Mich 96; *People* v. *Connor* (1957), 348 Mich 456; *People* v. *Krum* (1965), 374 Mich 356; *People* v. *Mulier* (1968), 12 Mich App 28.

Affirmed.