PEOPLE v. DAVIDSON

CRIMINAL LAW—JUVENILE RECORD—SENTENCE.
     Post-conviction examination of juvenile records by a trial court
       before imposing sentence is a proper use of such records
       (MCLA § 712A.23).

Appeal from Recorder's Court of Detroit, Vincent
J. Brennan, J.   Submitted Division 1 February 5,
1970, at Detroit.   (Docket No. 5,221.)   Decided
March 27, 1970.

Michael Davidson was convicted of breaking and
entering with intent to commit larceny. Defendant
appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Brennan & Kurtz,* for defendant on appeal.

Before:   LEVIN, P. J., and J. H. GILLIS and BRONSON, JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 585.
Court's right, in imposing sentence, to hear evidence of, or to
   consider, other offenses committed by defendant.  96 ALR2d 768.

Per Curiam.   Defendant, Michael Davidson, appeals his nonjury conviction for breaking and entering with intent to commit larceny.[*]

On appeal, defendant contends that the trial court committed reversible error in considering his juvenile record in imposing sentence.   This precise issue has been considered by this Court in *People* v. *Coleman* (1969), 19 Mich App 250, where we ruled that the post-conviction examination of juvenile records in imposing sentence is not a use of such records as "evidence" in violation of MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178[598.23]).   This holding has been reiterated in *People* v. *Charles Williams* (1969), 19 Mich App 544.

Defendant's second allegation of error objects to the quantum of proof, saying the circumstantial evidence adduced at trial was hazy and inconclusive as to the breaking and entering.   We have thoroughly considered the evidence introduced at trial and find that, although it is predominantly circumstantial, it was sufficient to permit the trier of fact to find the defendant guilty beyond a reasonable doubt.

Affirmed.

---

[*] MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305).