PEOPLE *v.* RICHARDSON

1. ROBBERY—ROBBERY UNARMED—ELEMENTS OF CRIME—PUTTING IN FEAR—EVIDENCE.

   Evidence was sufficient to allow a jury to conclude that the victim parted with his money out of fear, a necessary element of the crime of robbery unarmed, where the victim testified that, as he was walking along, a car pulled over, four youths jumped out, surrounded him and demanded his money, and that he complied and was subsequently assaulted (MCLA § 750.530).

2. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.

   Use of a defendant's juvenile record by the trial judge at the time of sentencing is not prohibited.

3. CRIMINAL LAW—SENTENCE—MINIMUM SENTENCE—MAXIMUM SENTENCE—DISCRETION,

   A sentence in which the minimum term is fixed at six months short of the maximum is not *per se* a violation of the indeterminate sentence law and a sentence properly within the maximum fixed by law is not subject to review (MCLA § 769.8).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 May 12, 1970, at Lansing. (Docket No. 6,890.) Decided June 29, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Robbery § 14 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 585.
   Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.
[3] 21 Am Jur 2d, Criminal Law § 527 *et seq.*

Larry V. Richardson was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant was tried by jury and convicted on the charge of robbery unarmed contrary to MCLA § 750.530 (Stat Ann 1954 Rev § 28-.798). He was subsequently sentenced to a term of 14-1/2 to 15 years imprisonment by Judge Robert J. Colombo of the Recorder's Court. A timely claim of appeal grounded on three allegations of error has been filed on behalf of defendant by his court-appointed appellate counsel. First, it is contended that the evidence failed to establish that the taking was caused by an assault or "putting in fear", a necessary element of the crime of robbery unarmed. Second, it is contended that the lower court erred at the time of sentence by taking defendant's juvenile record into consideration. Third, it is contended that the 14-1/2 to 15 year term of imprisonment violates the indeterminate sentence law. The people have filed a motion to affirm the conviction.

The victim testified that as he was walking down the sidewalk on his way to school, a car pulled over, four youths jumped out, approached the victim, surrounded him and demanded his money. He com-

plied and was subsequently assaulted. It is contended that no robbery was proved since the prosecution failed to establish that the victim parted with his money, while being placed in fear.

"The threat to do 'injury to the person or property,' * * * when accompanied by force, actual or constructive, and property or money is given up in consequence of that force, these elements can constitute robbery. Whenever the elements of force or putting in fear enter into the taking, and that is the cause which induces the party to part with his property, such taking is robbery. This is true regardless of how slight the act of force or the cause creating fear may be, provided, in the light of the circumstances, the party robbed has a reasonable belief that he may suffer injury unless he complies with the demand." *People* v. *Kruper* (1954), 340 Mich 114, 121.

The evidence was sufficient to allow the trier to conclude that the victim parted with his property out of fear.

The use of juvenile records at the time of sentencing is not prohibited. *People* v. *Charles Williams* (1969), 19 Mich App 544. Finally, a sentence wherein the minimum term is fixed at a period six months short of the maximum is not *per se* a violation of the indeterminate sentence law.*

"We do not intend to dictate to the trial court what the minimum sentence should be nor will we attempt to determine what sort of sentence complies with the requirements for an indeterminate sentence. The trial court is required to impose sentence within his sound discretion in accord with his evaluation of the defendant as an individual." *People* v. *Lessard* (1970), 22 Mich App 342.

---

* MCLA § 769.8 (Stat Ann 1954 Rev § 28.1080).

The sentence is properly within the maximum fixed by law and therefore, not subject to review. *People v. Guillett* (1955), 342 Mich 1; *People v. Pate* (1965), 2 Mich App 66; *People v. Poole* (1967), 7 Mich App 237.

The motion to affirm is granted.