PEOPLE v. HARTFORD

CRIMINAL LAW—COMPETENCY TO STAND TRIAL.
   Claim that two fragmentary statements made by a doctor in his
   testimony, at a hearing to determine if there was any basis
   to believe that defendant may be incompetent to stand trial,
   satisfied the quantum of proof necessary to make a "showing"
   of possible incompetency required by statute was without merit
   where the statements were taken out of context and did not
   change the unqualified opinion of the doctor that defendant
   was competent to stand trial (MCLA § 767.27a[3]).

Appeal from Midland, James R. Rood, J.   Submitted Division 3 April 7, 1970, at Grand Rapids. (Docket No. 7,856.)   Decided July 1, 1970.

Leonard Hartford was convicted, on his plea of guilty, of robbery armed.   Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward G. Durance,* Prosecuting Attorney, for the people.

*Sinclair, Edwards & Clulo,* for defendant on appeal.

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 62 *et seq.*

PER CURIAM.  Following a preliminary examination defendant was bound over to circuit court on the charge of robbery armed, CLS 1961, § 750.529 (Stat Ann 1970 Cum Supp § 28.797).  He was arraigned on October 2, 1967, and stood mute.  Subsequently his appointed counsel filed a petition raising the question of his competency to stand trial. The court appointed a psychiatrist to examine defendant.  On October 18, 1967, a hearing was held in the circuit court to determine if there was any basis to believe that defendant "may be incompetent to stand trial".  MCLA § 767.27a(3) (Stat Ann 1970 Cum Supp § 28.966[11][3]).  The court concluded that there was no showing which would suggest incompetency and ordered defendant to stand trial.

On November 24, 1967, defendant entered a plea of guilty and was sentenced to a term of imprisonment.  On February 6, 1968, through appointed appellate counsel, defendant filed a motion to withdraw his plea of guilty.  The motion was denied. Thereupon defendant filed a timely appeal contending that the court erred in failing to commit defendant to the Center for Forensic Psychiatry for psychiatric examination pursuant to the statute.  In particular it is contended that there was a sufficient "showing" of possible incompetency at the hearing held on October 18, 1967.

Section (3) of the statute provides in part as follows:

"(3) Upon a showing that the defendant may be incompetent to stand trial, the court shall commit the defendant in the criminal case to the custody of the center for forensic psychiatry."

In *People* v. *Kerridge* (1969), 20 Mich App 184, 190, 191, this Court said:

"Although the statute was effective in 1967, the court rule pertinent thereto was not promulgated until May 15, 1969 (GCR 1963, 786), and calls for a written motion before trial on behalf of defendant or the raising of the issue during trial only by the trial court. It appears to us that in the absence of the court rule, the trial court in the instant appeal was seeking the 'showing' called for in § 3 of the statute, *supra,* and that examination by a psychiatrist in the manner done satisfied the statute at the time of defendant's trial. Had the psychiatrist stated him to be incompetent, the next step would have been referral of the defendant for forensic psychiatric examination.

"The court rule promulgated in 1969 now dictates the proper method for determination of a defendant's competency to stand trial. There can be no argument as to retroactivity of a court rule and accordingly we hold that the actions of the trial court at the time of defendant's 1968 trial satisfied the statute. The 1969 court rule now prescribes the approved method and must be followed when the question of defendant's competency to stand trial is properly raised."

The only evidence offered at the hearing on the issue of possible incompetency was the testimony of the court-appointed psychiatrist and his written report which was admitted into evidence. The doctor testified that he took into account the fact that defendant had sustained a head injury in an automobile accident, had blackout spells, and had previously been under psychiatric care. Nevertheless, it was the opinion of the doctor that defendant was competent to stand trial within the meaning of MCLA § 767.27a (Stat Ann 1970 Cum Supp § 28.966 [11]). In his written report the doctor stated:

"Mr. Leonard Hartford is cooperative, oriented, knows where he is, what time it is and to whom he

is talking. He understands the questions, comprehends the meaning of them and answers them appropriately. After 70 minutes of interviewing, this examiner believes that Mr. Hartford is competent to stand trial within the meaning of Michigan Statutes Annotated 28.966(11). He is able to understand the nature and object of the proceedings against him. And he comprehends his own condition in reference to the proceedings."

Defendant points to two fragmentary statements made by the doctor in his testimony which he contends satisfies the quantum of proof necessary to make the "showing" of possible incompetency required by subsection 3 of the statute. These statements are taken out of context and do not change the unqualified opinion of the doctor that defendant was not incompetent to stand trial. Consequently there was no "showing" of possible incompetency and the trial court was not required to refer defendant to the center.

Affirmed.