PEOPLE v. McGILMER

1. CRIMINAL LAW—SENTENCES—JUVENILE RECORDS.

Use of juvenile records in post-conviction proceedings is not an evidentiary use; therefore trial judge's consideration of the defendant's juvenile criminal record in determining his sentence was proper.

2. CRIMINAL LAW—JUVENILE RECORDS—EVIDENCE.

Use of a juvenile's criminal record as evidence against the child is prohibited by statute; however, a juvenile criminal record may be used in a post-conviction proceeding, because the use is not an evidentiary use (MCLA § 712A.23).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 July 28, 1970, at Lansing. (Docket No. 8,198.) Decided August 28, 1970.

Jack McGilmer was convicted, on his plea of guilty, of robbery unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 56.
  Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant.   96 ALR2d 768.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. On February 28, 1969, defendant was arraigned and charged with robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28-.797). On July 10, 1969, defendant pled guilty to the included offense of robbery unarmed, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). On July 18, 1969, defendant was sentenced to a term of 10 to 15 years imprisonment. At the time of sentencing the court referred to a copy of defendant's past criminal record which was predominantly a juvenile record.

On appeal, defendant contends that it was improper for the court to examine his juvenile record as this practice is prohibited by MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178 [598.23]). This statute prohibits the use of juvenile records as evidence against the child. Recent cases have held that use of records in post-conviction proceedings is not an evidentiary use. *People* v. *Coleman* (1969), 19 Mich App 250, 256; *People* v. *Matthews* (1970), 22 Mich App 619.

It was proper for the court to review defendant's juvenile record for the purpose of determining the sentence to be imposed. The acceptance of the plea and the imposition of sentence is, therefore, affirmed.

Affirmed.