PEOPLE v. HAMMOND

1. CRIMINAL LAW—JUVENILES—ARREST—FINGERPRINTS—JUVENILE AUTHORITIES.

The presence of a juvenile at a police station for the purpose of fingerprinting and booking does not, absent more, violate the statute that requires that the juvenile be taken *immediately* to the juvenile authorities upon his arrest (MCLA § 764.27).

2. CRIMINAL LAW—JUVENILES—ARREST—FINGERPRINTS.

Police officers are required by statute to take the fingerprints of arrested persons, including juveniles; thus, a juvenile defendant's fingerprints were properly taken while he was in custody in connection with an attempted armed robbery (CLS 1961, § 28.243).

3. CRIMINAL LAW—EVIDENCE—JUVENILE COURT PROCEEDING—TRIAL —STATUTE—LEGISLATIVE INTENT.

Physical evidence offered in a juvenile court proceeding can be used at a trial by the prosecutor even though a statute provides that any evidence given in such case, shall not in any civil, criminal, or any other proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, because the intent of the statute is to

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 35.

[4] 21 Am Jur 2d, Criminal Law § 585.

proscribe the actual testimony taken at the juvenile proceedings and it is not meant to preclude the physical evidence; nor is it meant to exclude a witness who testified at the juvenile proceedings from testifying on the same subject matter at a subsequent trial for the same offense (MCLA § 712A.23).

4. CRIMINAL LAW—SENTENCE—PRIOR INVOLVEMENTS—LACK OF CO-OPERATION—LENGTH OF SENTENCE.

The trial judge can legitimately consider defendant's prior involvements with the police as well as his lack of cooperation on the instant charge in determining the length of sentence, and if the sentence is within the maximum allowed by statute the Court of Appeals does not have supervisory control over the punishment (MCLA § 771.14).

Appeal from Macomb, James E. Spier, J. Submitted Division 2 August 18, 1970, at Detroit. (Docket No. 7,413.) Decided October 28, 1970.

Clarence Hammond was convicted of arson. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*George C. Steeh,* for defendant on appeal.

Before: HOLBROOK, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J.   Defendant appeals as of right his jury conviction of arson.[1]  He argues to this Court that physical evidence utilized by the prosecutor

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.73 (Stat Ann 1962 Rev § 28.268).

during both the waiver hearings in juvenile court and the trial in circuit court were inadmissible. Defendant also contends that the trial judge abused his discretion by imposing an excessively harsh sentence.

The facts of this case are as follows:

On October 27, 1968, a costly fire occurred in the administrative offices of the Mt. Clemens Senior High School. The Mt. Clemens Fire Department and the Michigan State Police Arson Squad investigated the scene. Several empty one-gallon cans of flammable duplicating fluid were taken into custody and examined for fingerprints.

Students of the school were questioned by the Mt. Clemens Police Department. As a result of this interrogation, a list of students who might have started the fire was made. Included on this list was the defendant.

On Saturday, November 2, 1968, defendant was arrested in connection with an unrelated attempted robbery. He was taken directly to police headquarters where he was booked and fingerprinted. This occurred at approximately 11:30 that morning.

Defendant, a juvenile, was then taken to the Macomb County Youth Home for detention by juvenile authorities pending a hearing on the matter the next Monday. He arrived at the home around 1 p.m.

On Monday, November 4, a petition was filed with the juvenile court alleging that defendant had committed the felony of attempted robbery and was a delinquent. On Wednesday, November 6, a similar petition was filed based on the arson. The arson allegation was in turn supported by a comparison of fingerprints taken from the cans of duplicating fluid with those taken at the time of defendant's arrest and booking on November 2.

Three juvenile hearings were held to determine continuance of jurisdiction. At these hearings, pictures taken at the scene of the arson as well as the cans of duplicating fluid were brought into evidence. On December 12, 1968, the juvenile court waived jurisdiction over defendant.

Immediately after the waiver, defendant was arrested and taken to the police station and again booked and fingerprinted. This second set of prints was also compared with those taken from the cans. Again positive identification was made.

Defendant's first argument is that the fingerprints taken when he was first arrested on November 2, were inadmissible in the subsequent juvenile court hearing because he was not taken immediately to the juvenile authorities as required by statute MCLA § 764.27 (Stat Ann 1970 Cum Supp 28.886).

This precise point has been resolved by this Court. We have concluded that the presence of a juvenile at a police station for the purpose of fingerprinting and booking does not, absent more, violate the above statute.

"The instant case does not involve questioning, but rather the taking of fingerprints. CLS 1961, § 28.243 (Stat Ann 1969 Rev § 4.463), which requires police officers to take fingerprints of arrested persons, does not exclude juveniles from its operation." *People* v. *Coleman* (1969), 19 Mich App 250, 253, 254.

Additionally, it should be noted that at the time of defendant's arrest on the armed robbery charge, the police department had obtained a court order allowing them to take defendant's fingerprints for investigation concerning the arson. The fortuitous arrest on a different charge is too technical a dis-

tinction upon which to base the inadmissibility of the fingerprints at the juvenile court hearing.

Defendant next argues that physical evidence utilized at trial by the prosecutor was inadmissible. It is defendant's position that photographs of the scene, as well as the cans of duplicating fluid, could not be admitted in the trial because they had been offered as evidence in the juvenile court proceeding. Defendant relies on MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178[598.23]) to support this position.

The statute provides as follows:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter".

The question framed by defendant is one of first impression. Our research reveals no cases that define "evidence". Defendant contends that all evidence used at the juvenile hearing is inadmissible at a subsequent trial. The prosecutor argues that the proscribed evidence is testimonial rather than physical.

It is our conclusion that the intent of the statute is to proscribe the actual testimony taken at the juvenile proceedings. It is not meant to preclude the physical evidence, nor is it meant to exclude a witness who testified at the juvenile proceedings from testifying on the same subject matter at a subsequent trial for the same offense. What is forbidden is the use of testimonial evidence from the juvenile hearing either as substantive evidence or to impeach at a subsequent trial.

This conclusion is in accord with common sense. Normally there are few, if any, witnesses to a crime. The few witnesses that do exist will often be required to testify at the waiver hearings in juvenile court. To say that these witnesses must remain mute if the juvenile court waives jurisdiction renders the waiver proceedings meaningless because the prosecutor no longer has any witnesses who are allowed to testify. The same reasoning is applicable to physical evidence.

This conclusion does no violence to the purpose of the statute. The statute is designed to "hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past". *People* v. *Smallwood* (1943), 306 Mich 49, 53, quoting *State* v. *Guerrero* (1942), 58 Ariz 421 (120 P2d 798). See, also: *People* v. *Warren* (1970), 23 Mich App 20.

The testimony at the instant juvenile hearing was designed to determine whether the "youthful errors" were indeed "youthful". Implicit in the juvenile court's waiver of jurisdiction is the conclusion that the arson was not a "youthful error". The purpose of the statute, hiding youthful errors, is thus, by definition, not violated.

Defendant's third issue alleges that the sentence he received was too harsh. He contends that because he was a juvenile and a first offender, he should not have been sentenced to serve eight to ten years in prison.

The record establishes that the trial judge considered defendant's prior involvements with the police as well as his lack of cooperation on the instant charge. These factors could be legitimately considered by the trial judge in his determination of length of sentence. *People* v. *Coleman* (1969), 19 Mich App 250; MCLA § 771.14 (Stat Ann 1954

Rev § 28.1144). The sentence was within the maximum allowed by statute. Under these circumstances we do not have supervisory control over the punishment. *People* v. *Charles Williams* (1969), 19 Mich App 544.

Affirmed.

All concurred.