PEOPLE v. HENRY

1. CRIMINAL LAW—DEFENSES—INSANITY—PRESUMPTIONS—BURDEN OF PROOF.
   A defendant is presumed to be sane; however, once the defendant has introduced evidence of insanity, the prosecution has the burden of proving the defendant sane.

2. CRIMINAL LAW—DEFENSES—INSANITY—PRESUMPTIONS.
   Defendant's testimony as to his prior institutional confinements for alcoholism, his suffering from blackouts, and his inability to recall his whereabouts when the crime charged was committed was not sufficient to overcome the presumption of sanity, because facts such as prior institutional confinements or lack of recall regarding specific incidents are of little assistance in determining a person's state of mind at a specific time.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 January 6, 1971, at Detroit. (Docket No. 8935.) Decided March 31, 1971. Leave to appeal denied, 386 Mich 763.

Leo Bernard Henry was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Angelo A. Pen-*

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 50–52.
Modern status or rules as to burden and sufficiency of proof of mental irresponsibility in criminal case. 17 ALR3d 146.

*tolino,* Assistant Prosecuting Attorney, for the people.

*Laurence C. Burgess,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. After a trial by jury the defendant was convicted of robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). He now appeals, contending that the trial court erred in refusing to instruct the jury on the defense of insanity.

A person is presumed to be sane. Once the defendant has introduced evidence of insanity however, the prosecution has the burden of proving that he is sane. *People* v. *Krugman* (1966), 377 Mich 559; *People* v. *Garbutt* (1968), 17 Mich 9. The question here is whether defendant's testimony can be regarded as evidence of insanity.

Although the defendant was provided with a psychiatrist, he chose not to call him as a witness, and, consequently, there was no evidence on which a jury could determine the issue of insanity.

It was defendant's testimony that he had received treatment, primarily for alcoholism, in several mental institutions, that from time to time he suffered from blackouts, and that he had no recollection of his whereabouts when this crime was committed.

Determination regarding the issue of insanity requires inquiry into an accused's state of mind at the time a criminal act is committed. Facts such as prior institutional confinements or lack of recall regarding specific incidents are of little assistance in determining an individual's state of mind at one point in time. There was no evidence introduced

on which a finding of insanity could be made; such a determination cannot be based on mere conjecture or speculation. *Kregger* v. *Bannan* (ED Mich, 1959), 170 F Supp 845. It was not error, therefore, for the trial court to refuse an instruction on the defense of insanity.

Affirmed.