PEOPLE v. WARD

CRIMINAL LAW—SENTENCING—JUVENILE RECORDS—ALLEGEDLY INACCURATE RECORDS—APPEAL AND ERROR.

   Defendant's contention that the trial court erred in failing *sua sponte* to make inquiry into the accuracy of defendant's juvenile record is without merit, even though the trial judge did state at the sentencing proceeding that he had possession of the juvenile records and defendant replied that they were inaccurate where the defendant did not specify the inaccuracies to the trial judge and has not indicated specific inaccuracies on appeal.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 March 16, 1971, at Lansing. (Docket No. 9949.) Decided April 29, 1971.

Timothy N. Ward was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William J. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Joel M. Shere,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 527.
47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 4.
Constitutionality, construction, and application of statutory provision against use in evidence in any other case of records or evidence in juvenile court proceedings. 147 ALR 443.

Before: Bronson, P. J., and Quinn and Danhof, JJ.

Per Curiam. Defendant Timothy Ward and his two codefendants were charged with first-degree murder contrary to MCLA § 750.316 (Stat Ann 1954 Rev § 28.548), having caused the death of the victim while attempting to perpetrate a robbery. Each defendant was represented by separate counsel. On May 19, 1970, after a jury had been impaneled, defendant Ward and his codefendants entered pleas of guilty to the reduced charge of manslaughter[1] which were accepted by the trial judge. On June 8, 1970, defendant was sentenced to a term of 14 to 15 years imprisonment by Judge George W. Crockett, Jr., of the Recorder's Court of Detroit. With the assistance of court-appointed appellate counsel, a timely claim of appeal has been filed on behalf of the defendant and grounded on the sole contention that the trial judge erred in pronouncing sentence without first considering defendant's statement that half of his juvenile record as cited by the court was inaccurate. A motion to affirm the conviction and sentence has been filed by the people.

During the sentencing proceeding, the trial judge mentioned that he had possession of defendant's juvenile record which listed a series of criminal acts allegedly committed by the defendant. A brief discussion then ensued concerning defendant's part in the crime for which he was to be sentenced. Subsequently, the court asked, "anything else you wish to say?" The defendant replied, "well, the record as far as juvenile, half of that's not true." The trial judge then pronounced sentence.

---

[1] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

On appeal it is argued briefly and without authority that the lower court erred in failing *sua sponte* to make inquiry into the truthfulness of the juvenile record before passing sentence.

This Court has previously recognized the propriety of considering public records for information which may assist the trial judge in fixing the sentence to be imposed upon a convicted defendant. *People* v. *Giacalone* (1970), 23 Mich App 163. Not the least of these is the juvenile record, use of which has been approved by this Court on numerous occasions. *People* v. *McGilmer* (1970), 26 Mich App 357; *People* v. *Welch* (1970), 25 Mich App 694; *People* v. *Richardson* (1970), 25 Mich App 117; *People* v. *Davidson* (1970), 23 Mich App 4; *People* v. *Matthews* (1970), 22 Mich App 619; *People* v. *Charles Williams* (1969), 19 Mich App 544.

At no time during the sentencing proceeding did the defendant or his counsel inform the court of any specific inaccuracies in the juvenile record. The frivolity of this appeal is further demonstrated by the fact that the defendant has failed to provide this Court with specific references to the juvenile record and the alleged inaccuracies contained therein. This Court has found no grounds for concluding that the trial judge relied on an inaccurate juvenile record. The sentence was within the statutory maximum, and therefore, we will not interfere with the trial court's discretionary imposition of punishment. See *People* v. *Cunningham* (1970), 21 Mich App 381.

Motion to affirm is granted.