PEOPLE v. WRIGHT

1. Criminal Law—Sentencing—Use of Juvenile Records.
   Use of defendant's juvenile records at the time of sentencing is not prohibited by statute (MCLA §§ 712A.23, 771.14).

2. Criminal Law—In-Court Identification—Pretrial Lineup—Inability to Identify.
   The inability of witnesses to identify defendant in a pretrial lineup does not bar their in-court identifications where there was no showing of illegality occurring at the lineup affecting the admissibility of the identifications.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 May 25, 1971, at Detroit. (Docket No. 9865.) Decided July 28, 1971.

Derek Eron Wright was convicted of assault with intent to murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

---

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 527.
[2] 29 Am Jur 2d, Evidence §§ 367, 372.

Before: Lesinski, C. J., and J. H. Gillis and V. J. Brennan, JJ.

Per Curiam. Defendant was convicted by a jury of assault with intent to murder. MCLA § 750.83 (Stat Ann 1962 Rev § 28.278). A timely claim of appeal was filed alleging three errors below. The prosecution filed a motion to affirm the conviction and sentence.

Defendant first contends that it was error for the trial court to make reference to defendant's juvenile record in imposing sentence. Second, defendant contends that it was error for the trial court not to conduct examinations of minor witnesses over the age of ten to determine their intelligence and sense of obligation. Third, defendant contends that it was error to admit testimony of witnesses who identified defendant at trial, but who had previously been unable to identify defendant at show-ups. Defendant has at all times been represented by counsel.

The use of juvenile records at the time of sentencing is not prohibited. MCLA § 771.14 (Stat Ann 1954 Rev § 28.1144); *People* v. *Coleman* (1969), 19 Mich App 250. The use of such records is not prohibited by MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178 [598.23]).

The minor witnesses who testified against defendant were all over the age of ten years. Thus the statute that provides that the court shall examine potential witnesses who are under the age of ten years to determine whether such witnesses have sufficient intelligence and sense of obligation to tell the truth is not applicable in this case. MCLA § 600.2163 (Stat Ann 1962 Rev § 27A.2163). The record does not support defendant's contention that there was any reason to believe that the children

who testified lacked the intelligence and sense of obligation to tell the truth.

Defendant cites no cases, authorities, or compelling reason in support of his assertion that witnesses who have been unable to make identification at show-ups should not be permitted in-court identification. Defendant has not alleged or shown a primary illegality occurring at the showup such that the failure of the witnesses to make identification at that stage would affect the admissibility, rather than the weight, of their in-court identification. See *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149).

The motion to affirm is granted.