PEOPLE *v.* GOODALL

1. CRIMINAL LAW—INSANITY—WAIVER OF COMPETENCY HEARING.

Denial of a criminal defendant's petition for a competency hearing on the first day of his trial was error even where defendant's counsel had previously waived a competency hearing since the trial court should not have accepted a waiver of a competency hearing in the absence of an express statement, on the record, by the defendant where the waiver was made without the consent or knowledge of the defendant and defendant's personal history reflected a pattern of mental and emotional problems.

2. CRIMINAL LAW—INSANITY—WAIVER OF COMPETENCY HEARING—CHANGE IN COMPETENCY.

Denial of a criminal defendant's petition for a competency hearing on the first day of his trial was error even where defendant's counsel had previously waived a competency hearing where the waiver was made without defendant's consent or knowledge and where defendant's personal history of mental and emotional problems made it conceivable that his competency to stand trial had changed in the 13 months between waiver and trial.

Appeal from Recorder's Court of Detroit, Don Binkowski, J. Submitted Division 1 October 11, 1971, at Detroit. (Docket No. 10283.) Decided November 26, 1971.

Richard R. Goodall was convicted of armed robbery. Defendant appeals. Reversed and remanded for new trial.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 55 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*C. Charles Bokos,* for defendant on appeal.

Before: LEVIN, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM.  Defendant was convicted by a jury in Detroit Recorder's Court on May 15, 1970, of robbery armed.  MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).  Trial was held some 13 months after the defendant's counsel, out of the presence of the defendant, waived a competency hearing to which the defendant was entitled under MCLA § 767.27a(6) (Stat Ann 1971 Cum Supp § 28.966[11] [6]).  Defendant's own subsequent petition for a competency hearing, filed April 14, 1970, was denied on the first day of trial, May 7, 1970.

When the trial counsel waived the defendant's competency hearing, he did so allegedly without the defendant's knowledge or consent.  Defendant's personal history reflected a pattern of mental and emotional problems.*  Under such circumstances the trial court should have thoroughly inquired into the matter of competency and should not have accepted a waiver in the absence of an express statement, on the record, by the defendant.  *Pate* v. *Rob-*

---

* Defendant was found incompetent to stand trial on September 22, 1967, and committed to the Department of Mental Health for treatment for a period of time not to exceed 18 months.  On March 18, 1969, the medical superintendent of Ionia State Hospital declared the defendant competent to stand trial.  It was upon his return from Ionia that these proceedings commenced.

*inson* (1966), 383 US 375 (86 S Ct 836, 15 L Ed 2d 815). By refusing to reopen this question upon the petition of the defendant, particularly after a delay of 13 months in which time a change in defendant's competence to stand trial is readily conceivable, the trial court may have denied the defendant a fair trial. On this record we are unable to determine if the defendant was competent to stand trial.

We, therefore, reverse and remand for a new trial.