PEOPLE v JONES

1. Indictment and Information—Citizens' Grand Jury—Preliminary Examination.

A defendant indicted by a citizens' grand jury has no right to a preliminary examination.

2. Criminal Law—Sentences—Juvenile Record.

The trial court may consider a criminal defendant's juvenile record in determining his sentence.

3. Criminal Law—Plea of Guilty—Privilege Against Self-Incrimination.

A plea of guilty, even though given knowingly, understandingly, and voluntarily, is defective if the trial court did not specifically tell the defendant about his privilege against self-incrimination before accepting the plea.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 March 1, 1972, at Lansing. (Docket No. 12353.) Decided April 28, 1972.

Melvin Jones was convicted, on his plea of guilty, of possession of heroin. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Joel B. Saxe,* Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 442.
[2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 357 *et seq.*

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender, for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J. Defendant was indicted by the Genesee County citizens grand jury for the crimes of illegal sale of heroin (MCLA 335.152; MSA 18.1122) and illegal possession of heroin (MCLA 335.153; MSA 18.1123). He entered a plea of guilty to the second count and was sentenced to prison for a term of 8 to 10 years. He appeals of right.

Before the trial, defendant moved for a preliminary examination. The motion was denied. The defendant claims this was error.

A defendant indicted by a citizens grand jury has no right to a preliminary examination. *People v James Harris,* 37 Mich App 179 (1971); *People v Alvin Brown,* 37 Mich App 292 (1971). We do not read recently released *People v Bellanca,* 386 Mich 708 (1972) (March 3, 1972), to have overruled or diluted the holding in *Harris.* Denial of a preliminary examination was not error.

Defendant also claims that the trial court committed error in considering his juvenile record in determining his sentence. We have several times indicated that this practice is permissible. *People v Charles Williams,* 19 Mich App 544 (1969); *People v Wright,* 35 Mich App 365 (1971).

Lastly, defendant assigns error in the failure of the trial judge to inform him of his constitutional privilege against self-incrimination before accepting his plea. This question has been controlled by this Court's majority opinion in *People v Jaworski,* 25 Mich App 540 (1970), since that opinion was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

released. It no longer is. Our Supreme Court has spoken. We are bound by its holding. On review of *Jaworski, supra,* a divided Court, Mr. Justice WILLIAMS speaking for the majority, held—at least as we read the opinion, 387 Mich 21 (1972)—that however extensive the examination of the accused concerning the right of trial by jury, confrontation of witnesses, the assistance of counsel, the absence of coercion or promise in inducing the plea, and the pinpointing of the elements of the charged offense, the trial judge must say, in effect, "Are you aware that you have the absolute right against self-incrimination?" We gather that the substance of the question must apprise the accused that he cannot be compelled to take the witness stand and give testimony against himself. In so holding, our Supreme Court relied in the main on *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

In this case, the trial judge's examination of the defendant before plea-acceptance covered ten transcript pages. Counsel was at his side throughout the questioning. The charge was reduced from sale to possession. The examination included this question:

> *"The Court:* Do you know that you don't have to prove that you are not guilty?
> *"A.* Yes, sir."

We are persuaded from reading the transcript of the plea proceedings that the plea was knowingly, understandingly, and voluntarily (if not enthusiastically) entered. However, we must concede that nowhere in the lengthy interrogation did the trial court say, in as many words, "Do you know you don't have to take the witness stand and give

testimony against yourself?" or "Do you know you have the privilege against self-incrimination?"

Within the mandate of *Jaworski, supra,* as we understand it, we have no alternative but to vacate defendant's entered plea and remand for a new trial.

It is so ordered.

All concurred.