## PEOPLE v BLOCKER

OPINION OF THE COURT

1. CRIMINAL LAW—DEFENSES—INSANITY—PRESERVING QUESTION.

Failure of a defendant to present competent proof at trial to support a pretrial assertion of intent to claim an insanity defense forecloses any appellate consideration of the merits of the defense.

2. CRIMINAL LAW—MOTIONS—INSANITY—COMPETENCE TO STAND TRIAL.

A pretrial motion for the appointment of psychiatrists to examine a defendant coupled with a notice of intent to claim insanity as a defense is not a motion for a commitment for forensic evaluation to determine the defendant's competency at the time of trial where a close examination of the pleadings and order indicates the overall intent was to raise the defense and not demand forensic evaluation (MCLA 767.27a, 768.20).

3. CRIMINAL LAW—COMPETENCE—FORENSIC COMMITMENT.

Commitment to a diagnostic facility to determine competence to stand trial is mandated upon a pretrial motion only if a sufficient showing of mental incompetence is made by the moving party or if other evidence is before the court which raises a bona fide doubt as to the defendant's mental competency to stand trial (MCLA 767.27a; GCR 1963, 786).

4. CRIMINAL LAW—AUTOMOBILES—UNLAWFULLY DRIVING AWAY—UNLAWFUL USE—ELEMENTS OF CRIME.

Jury instructions which explained the difference between the offense of unlawfully driving away an automobile as requiring that the possession of the vehicle be taken unlawfully from the owner and the offense of unlawful use of an automobile as

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 66.

[2, 3] 21 Am Jur 2d, Criminal Law § 62 et seq.

[4] 53 Am Jur, Trial § 639 et seq.

[5] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children, §§ 4, 8.

[6] 21 Am Jur 2d, Criminal Law §§ 68, 69.

requiring only that the use of the vehicle, lawful possession of which has already been obtained, be illegal were without error (MCLA 750.413, 750.414).

5. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.

There is no prohibition in using juvenile court dispositions in sentencing since the statute requires an inquiry into the antecedents, character, and circumstances of a person about to be sentenced and such an inquiry to be true and complete must include whatever reasonably obtainable juvenile record an accused may have (MCLA 712A.23, 771.14).

DISSENT BY T. M. BURNS, J.

6. CRIMINAL LAW—COMPETENCE—FORENSIC COMMITMENT—HEARING.

*In a case where the proper interpretation of the defendant's pretrial motion and notice of intention to claim insanity as a defense and of the court order with respect thereto is that defendant was committed for a determination of his competency to stand trial it was the duty of a trial court upon receipt of the diagnostic report and recommendations to hear and determine the issue of competence to stand trial (MCLA 767.27a).*

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 November 13, 1972, at Lansing. (Docket No. 13202.) Decided February 22, 1973. Leave to appeal granted, 390 Mich —.

Arnold R. Blocker was convicted of unlawfully driving away an automobile. Defendant appeals. Affirmed with sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Edward L. Skinner,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, *(Stuart M. Israel,* research assistant) for defendant.

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of unlawfully driving away an automobile, MCLA 750.413; MSA 28.645.

At preliminary examination defense counsel filed notice of an intent to claim an insanity defense and moved for the appointment of psychiatrists to examine defendant. Pursuant to the court's order, results of the examination were sent to defense counsel and the prosecuting attorney.

At trial, defense counsel made no mention of the defense of insanity. On appeal, defendant claims the notice of insanity and motion for psychiatric assistance required a commitment for forensic evaluation to determine his competency at the time of trial. We disagree.

It is our determination that the defense motion was made pursuant to MCLA 768.20; MSA 28.1043, which sets out pretrial notice requirements regarding the intention to rely on a theory that a defendant was insane at the time of the offense rather than pursuant to MCLA 767.27a; MSA 28.966(11), which sets out the procedure for forensic commitment to determine competency at trial. This conclusion is based on the language of the motion and defense counsel's actions during trial.

The motion provided defendant would offer "testimony to establish his insanity at the time of the alleged offense", and requested the assistance of court-appointed psychiatrists to aid in the preparation of the defense. The report was filed two weeks before trial. Defense counsel had ample opportunity to raise the issue in opening statement, by the presentation of witnesses, and closing argument. He chose otherwise. The mere assertion of such a defense does not entitle defendant to jury consideration. *Kregger v Bannan,* 170 F Supp 845 (ED

Mich, 1959). Failure to present competent proof at trial forecloses any appellate consideration of the merits of the defense. See *People v Minton,* 25 Mich App 225 (1970). Similarly, we do not feel the defense motion for psychiatric assistance requested along with the notice of intention to rely on an insanity theory required forensic commitment and evaluation.

Although defendant now urges that because other language included in the motion suggests a request for commitment his motion should be so construed, close examination of the pleadings and the trial court's order indicate the overall intent was to raise the defense and not demand forensic evaluation. The language of the statute, MCLA 767.27a, *supra,* and GCR 1963, 786, while liberally construed to effectuate its purposes,[1] has never required automatic commitment. In *People v Sherman Williams,* 38 Mich App 370, 382 (1972), Judge O'HARA wrote:

"[W]hen prior to trial a motion raising the issue of incompetence is made, commitment to a diagnostic facility will be mandated only if a sufficient showing of mental incompetency is made by the moving party, or when other evidence is before the court which raises a bona fide doubt as to the defendant's mental competency to stand trial."

No such showing was made below.

Defendant next argues the trial court's jury instructions distinguishing the elements of unlawfully driving away an automobile, MCLA 750.413;

---

[1] *See People v Chambers,* 14 Mich App 164 (1968); *People v Kerridge,* 20 Mich App 184 (1969); *People v Gomolak,* 386 Mich 540 (1972); *People v Hartford,* 25 Mich App 200 (1970); *People v Ledbetter,* 31 Mich App 160 (1971); *People v Howard,* 37 Mich App 662 (1972); *People v Goodall,* 37 Mich App 223 (1971); *People v Jackson,* 40 Mich App 237 (1972); *People v Chase,* 38 Mich App 417 (1972); *People v Overby,* 42 Mich App 1 (1972).

MSA 28.645, from the lesser included offense of unlawful use of an automobile, MCLA 750.414; MSA 28.646, were unclear.

The difference between the two offenses is clear; unlawfully driving away an automobile first requires that the possession of the vehicle be taken unlawfully from the owner. *People v Smith,* 213 Mich 351, 353 (1921). Unlawful use of an automobile requires only that the use of a vehicle, lawful possession of which has already been obtained, be illegal. See *People v Smith, supra; United States v One 1941 Chrysler Brougham Sedan,* 74 F Supp 970 (ED Mich, 1947); *People v Ryan,* 11 Mich App 559, 561 (1968).

The trial court explained that distinction to the jury. Upon completion of the reading of the charges to the jury, both the prosecutor and defense attorney expressed satisfaction. The jury requested clarification. The trial court again explained the difference in the offenses. Defense counsel again made no objection. We are convinced no error occurred. See GCR 1963, 516.2.

The third issue raised questions the propriety of the consideration of juvenile records in passing sentence. There is currently a split of opinion in this Court concerning this issue. MCLA 712A.23; MSA 27.3178(598.23), which provides that juvenile court dispositions shall not be proper "evidence" against an individual, is the source of the confusion.

*People v Coleman,* 19 Mich App 250 (1969), held there was no prohibition in using such dispositions in sentencing since MCLA 771.14; MSA 28.1144, requires an inquiry into the "antecedents, character and circumstances" of a person about to be sentenced. In *Coleman,* this Court reasoned that such inquiry, to be true and complete, must in-

clude whatever reasonably obtainable juvenile record an accused may have. This Court stated:

> "Only by examination of a complete report, containing any such record, can the court properly perform its duties; to determine whether 'defendant is not likely again to engage in an offensive or criminal course of conduct' and whether 'the public good does not require that the defendant shall suffer the penalty imposed by law' [MCLA 771.1; MSA 28.1131]; and, if probation be granted, 'to fix and determine the period and conditions' thereof. [MCLA 771.2; MSA 28.1132].
>
> "Nor does § 23 preclude examination of juvenile records for the purpose of sentencing. The express terms of the statutory prohibition bar only the use of prior juvenile dispositions as 'evidence'. Read in the light of its generally accepted meaning, 'evidence' connotes testimony and matters actually presented at trial. The post-conviction examination of juvenile records in order to impose a fair and just sentence is not a use of such records as 'evidence'." *People v Coleman, supra,* 256.

This position maintained control of the issue until 1972[2] when another panel of this Court decided *People v McFarlin,* 41 Mich App 116 (1972), *leave granted,* 388 Mich 761 (1972).[3] The *McFarlin* interpretation favored a more expansive definition of "evidence", and excluded juvenile records from sentencing considerations.

It is our feeling that the *Coleman* rule is better reasoned and therefore find no error in the trial

---

[2] *See also People v Charles Williams,* 19 Mich App 544 (1969), *leave den,* 384 Mich 753 (1970); *People v Matthews,* 22 Mich App 619 (1970); *People v Davidson,* 23 Mich App 4 (1970); *People v Richardson,* 25 Mich App 117 (1970); *People v Welch,* 25 Mich App 694 (1970); *People v McGilmer,* 26 Mich App 357 (1970); *People v Hammond,* 27 Mich App 490 (1970); *People v Bradshaw,* 28 Mich App 354 (1970); *People v Ward,* 33 Mich App 308 (1971); *People v Wright,* 35 Mich App 365 (1971); *People v Potts,* 39 Mich App 104 (1972); *People v Jones,* 40 Mich App 368 (1972); *People v Pence,* 42 Mich App 215 (1972).

[3] *See also People v Bukoski,* 41 Mich App 498 (1972); *People v Anderson,* 42 Mich App 10 (1972).

judge's consideration of defendant's juvenile record in passing sentence.

Defendant was sentenced to a term of four years minimum to five years maximum in the State Prison of Southern Michigan. In *People v Tanner,* 387 Mich 683, 690 (1972), the Michigan Supreme Court held that " * * * any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act".[4] Accordingly, we order that the minimum sentence be reduced to three years and four months[5] and affirm.

Quinn, P. J., concurred.

T. M. Burns, J. *(dissenting).* I cannot subscribe to the result reached by the majority.

Although defense counsel's motion for psychiatric evaluation of the defendant was not a masterpiece of draftsmanship and admittedly could have been drawn with more precision, its overall tenor nonetheless indicates that in addition to an expert opinion regarding the defendant's sanity at the time the alleged offense was committed, defense counsel sought a determination of the defendant's competency to stand trial. This is borne out by language contained in the motion, the order of the circuit court committing the defendant to a diagnostic facility, and the resultant diagnostic report issued after the defendant had been examined.

Defense counsel's motion reads in pertinent part:

"Please take notice that the defendant in the above entitled cause proposes to offer in his defense testimony to establish his insanity at the time of the alleged

---

4 MCLA 769.8; MSA 28.1080.

5 Pursuant to GCR 1963, 820.1(7).

offense and hereby gives notice of his intention to claim such defense."

After requesting that two psychiatrists examine the defendant and testify at trial regarding the defendant's sanity, the motion continues:

"That the defendant's attorney * * * after conversing with and observing the defendant with regard to the criminal charge, UDAA, [unlawfully driving away an automobile, MCLA 750.413; MSA 28.645] pending against said defendant, during the preparation for and course of the preliminary examination of said charge that said defendant may be experiencing emotional stress and strain which will *impair or even prohibit any meaningful participation in the preparation of a proper defense on his behalf.*" (Emphasis added.)

From an examination of the circuit court's order committing the defendant to a diagnostic facility, it is patent that the court below treated the motion in question as requesting a determination of the defendant's competency to stand trial. The order states *inter alia:*

"Upon reading and filing the defendant's motion praying for the examination of the defendant to determine whether or not said defendant is capable of understanding the nature and object of the proceedings against him, of comprehending his own condition in a rational and reasonable manner * * * ."

In compliance with the circuit court's order requesting a determination of the defendant's ability to understand the nature and object of the proceedings against him, *i.e.,* his competency, the report from the diagnostic facility following the examination of the defendant concludes that the defendant was sane at the time the alleged offense was committed and that:

"(1) Mr. Blocker [defendant herein] is entirely capable of fully 'understanding the nature and object of the proceedings against him * * * '."

It is readily apparent in view of all the foregoing that the defendant was committed to a diagnostic facility for a determination of his competency to stand trial. Under these circumstances, the duty of the trial court is clear and inescapable. Section 4 of MCLA 767.27a; MSA 28.966(11) provides:

"Upon receipt of the diagnostic report and recommendations the sheriff shall immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings."

Even though it is clear that the defendant was committed to a diagnostic facility for an evaluation of his competency to stand trial, the majority relying upon *People v Sherman Williams,* 38 Mich App 370 (1972), unnecessarily and erroneously dwell upon whether the defendant should have been so committed. This Court in *People v Chase,* 38 Mich App 417, 420-421 (1972), distinguished *Williams* on precisely this basis. In *Chase* we held:

"The genesis of our present competency to stand trial statute was recently considered by this Court in *People v Sherman Williams,* 38 Mich App 370 (1972). This case is to be distinguished from *Williams* where we considered the question of the degree of showing of incompetency necessary before *commitment* to a diagnostic center is required.

"Here we deal with the failure of the court to hold a competency hearing upon the *return* of the accused from the diagnostic facility.

"We must, of necessity, hold that the learned trial

judge was in error when he declined to hold the competency hearing mandated by the statute on the theory that 'the conducting of a formal competency hearing would have added nothing unless it was contested by the defendant.'

"The irreducible fact is that once commitment to the center pursuant to statute is ordered, the ultimate determination of the question of one's competence to stand trial, or to enter a plea, cannot rest merely on the conclusion reached there. The weight to be accorded to findings made, and the legal effect of such findings, must be the subject of a judicial determination and order. Absent such a requirement, a serious constitutional issue would arise. The proceedings were fatally infirm. We add, perhaps unnecessarily, that if neither the State nor the defendant chooses to introduce other testimony, the trial judge may make the judicial determination and base his order solely upon the report of the center."

Therefore, inasmuch as the trial court in the instant case failed to conduct the requisite hearing, I vote to reverse and remand for a new trial.