PEOPLE v. ANDREW FIELDS

1. CRIMINAL LAW — JUVENILES — JURISDICTION — PROBATE COURT — WAIVER — STATUTES — STANDARDS FOR WAIVER.

Statute providing for the waiver of probate court jurisdiction over a child over the age of 15 years in a criminal case was not unconstitutional even though it failed to contain a set of standards for determining whether jurisdiction should be waived because, while a decision of the United States Supreme Court held that the waiver procedure must meet certain standards in order to satisfy the requirements of due process and fairness, the decision did not hold that a statute which failed to enumerate the standards for waiver is defective.

2. CRIMINAL LAW — JUVENILES — JURISDICTION — PROBATE COURT — WAIVER — STANDARDS OF PROCEDURE—DUE PROCESS.

Procedure by which probate court waived jurisdiction over a juvenile defendant, charged with breaking and entering and uttering and publishing, satisfied the requirements of due process as enunciated by the United States Supreme Court where a hearing was held, counsel was provided, counsel was given notice of the hearing and provided access to all necessary records, and the court listed its reasons for waiving its jurisdiction over the juvenile defendant.

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 2 November 6, 1970, at Lansing. (Docket No. 6927.) Decided February 15, 1971. Leave to appeal granted April 22, 1971, 384 Mich 833.

Andrew B. Fields, a juvenile, was charged with breaking and entering and uttering and publishing.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 16 et seq.

Defendant appealed to circuit court to declare the statute under which the probate court waived jurisdiction over the defendant invalid. Order of probate court affirmed. Defendant appeals by leave granted by order of the Supreme Court. 383 Mich 765. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Karl V. Fink,* Assistant Prosecuting Attorney, for the people.

*Clan Crawford, Jr.,* for defendant.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

BRONSON, P. J. In 1968, the defendant, who was 16 years old, was charged with breaking and entering and uttering and publishing. The defendant had a substantial juvenile court record and the prosecutor petitioned the probate court to waive jurisdiction on both matters to the circuit court. Following a hearing on the matter, an order was entered by the probate court waiving jurisdiction to the circuit court as to both charges. The defendant, represented by counsel, appealed to the circuit court, which affirmed the prior order issued by the probate court.

The sole issue on appeal is whether MCLA § 712A.4 (Stat Ann 1962 Rev § 27.3178[598.4])[1] is invalid because it fails to set standards for determining whether or not the probate court should waive

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Amended by PA 1969, No 140, effective March 20, 1970. For current statute see MCLA 1970 Cum Supp § 712A.4 (Stat Ann 1970 Cum Supp § 27.3178[598.4]).

jurisdiction.[2] The defendant, citing *Kent* v. *United States* (1966), 383 US 541 (86 S Ct 1045, 16 L Ed 2d 84), contends that the waiver statute under consideration is unconstitutional because it fails to contain a set of standards in determining the waiver issue. We disagree.

Defendant's reliance upon the *Kent* decision as authority for his position is unfounded. Although the *Kent* decision enunciated certain standards which must be met in order to satisfy the requirements of due process and fairness, the Court did not hold that a statute which failed to enumerate the standards is constitutionally defective.

The Court in *Kent* reversed a criminal conviction on the ground that the waiver of the juvenile for trial in criminal court was invalid, because the waiver procedure failed to satisfy constitutional requirements:

"[W]e conclude that, as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the juvenile court's decision. We believe that this result is required by the statute read in the context of constitutional principles relating to due process and the assistance of counsel."

The Court, in *Kent,* did not hold that the statute was unconstitutional, but rather held that the procedure by which the waiver was obtained failed to satisfy constitutional principles relating to due process and the assistance of counsel. In the instant case however, the record reveals that the defendant was provided a hearing as well as the as-

---

[2] It should be noted that standards to be used in determining the issue of waiver of jurisdiction under MCLA § 712A.4 (Stat Ann 1970 Cum Supp § 27.3178[598.4]) are presently set forth in JCR 1969, 11, reported in 381 Mich cxxxiii.

sistance of counsel. The defendant's counsel was given notice of the hearing and provided access to all necessary records. The court listed reasons in support of its decision to grant waiver. The standards enumerated in the *Kent* decision were fully satisfied in the instant case.

After a careful review of the record, we are of the opinion that the waiver proceedings in the instant case were in accord with the basic requirements of due process and fairness, as well as our juvenile court act. See *People* v. *Coleman* (1969), 19 Mich App 250.

Judgment affirmed.

All concurred.