PEOPLE v PENCE

OPINION OF THE COURT

1. CRIMINAL LAW—JUVENILE RECORD—USE—SENTENCING.

A sentencing judge's use of a defendant's juvenile record does not constitute the use of that record as evidence against defendant since the adversary proceeding is over at the time sentence is imposed; the assumption that the judge will necessarily use the record *against* him is totally unwarranted because conceivably, in many instances, the judge's reference to that record may be to defendant's benefit.

2. CRIMINAL LAW—JUVENILE RECORD—USE—SENTENCING—DISCRETION.

A sentencing judge should not be denied access to a defendant's juvenile record; what significance, if any should be ascribed to that record is within the judge's discretion since he is, by training and experience, admirably suited to distinguish between childish prank-like offenses and other minor infractions and a record of serious violations of a socially dangerous character.

3. CRIMINAL LAW—JUVENILE RECORD—EVIDENCE—LEGISLATIVE INTENT.

The statutory prohibition against the evidentiary use of a juvenile record against a defendant was intended to protect the juvenile from prejudicial evidence against him during trial; it was not intended to insulate the sentencing judge from information which would better enable him to impose a just sentence.

DISSENT BY R. B. BURNS, J.

4. CRIMINAL LAW—JUVENILE RECORD—USE—SENTENCING.

*This case is controlled by* People v McFarlin, *41 Mich App 116 (1972), and should be reversed and remanded for resentencing.*

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 585.

Right of court to hear evidence for purpose of determining sentence to be imposed, 77 ALR 1211.

[4] (no references).

Appeal from Kent, George V. Boucher, J. Submitted Division 1 May 8, 1972, at Grand Rapids. (Docket No. 12856.) Decided July 26, 1972.

Donald E. Pence was convicted, on his plea of guilty, of entering without breaking. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Richard S. McMillin,* Assistant State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and Holbrook and O'Hara,* JJ.

O'Hara, J. *(for affirmance).* As is suggested in Judge Burns' dissent, the only issue of merit before us on appeal is the use by the trial judge of the defendant's juvenile record.

Judge Holbrook and I decline to follow cited *McFarlin,*[1] and adhere to the holding in *People v Coleman,* 19 Mich App 250 (1969) for the following reasons.

First, we think *McFarlin* misinterprets the involved statute. The record of juvenile proceedings is not "evidence against such child". The adversary proceeding is over at the time of imposition of sentence and "myopically", "penumbrally" or otherwise, that record is simply not "evidence" and, more importantly, it is not necessarily to be used "against such child".

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 *as amended in 1968.*

[1] *People v McFarlin,* 41 Mich App 116 (1972).

This brings us to our second reason. The regrettable logical error in *McFarlin* is the totally unsupported assumption that the juvenile record will *necessarily* be used by the sentencing judge *against* the defendant. We can conceive of many instances in which it might be his saving grace, and used to his benefit.

It is, in our view, wrong to deny the sentencing judge a dependable record of the past doings of a defendant about to be sentenced. Much better this than an investigation by a probation officer, the conclusions therefrom which are incontestably available to the judge. I would much rather leave to the sound discretion of the judge who has presided over the trial what significance, if any, to ascribe to the juvenile record.

Trial judges, trained and experienced, are admirably suited to distinguish between childish prank-like offenses and other minor infractions, and a record of serious violations of a socially dangerous character.

To us, the Legislature, in passing the statute, intended to protect the juvenile from prejudicial evidence against him during trial. It did not intend to insulate the sentencing judge from information which would better enable him to impose a just sentence.

We affirm the judgment of conviction and the sentence.

HOLBROOK, J., concurred.

R. B. BURNS, P. J. *(dissenting)*. Defendant pled guilty to entering without breaking, MCLA 750.111; MSA 28.306, and was sentenced to 1-1/2 to 5 years in prison. He appeals.

I would follow the reasoning of *People v McFarlin,* 41 Mich App 116 (1972), reversing the case and remanding for resentencing.