PEOPLE v McINTOSH

Opinion of the Court

1. Criminal Law—Sentence—Presentence Report—Juvenile Record.

Consideration of a defendant's juvenile court record in sentencing is reversible error requiring that a new presentence report, which excludes reference to the juvenile record, be obtained and that defendant be resentenced by a judge other than the sentencing judge.

Dissent by Holbrook, J.

2. Criminal Law—Sentence—Presentence Report—Juvenile Record.

*Defendant's conviction should be affirmed for the reasons stated in the opinion of this court in* People v Pence, *42 Mich App 215 (1972).*

Appeal from Berrien, Chester Byrns, J. Submitted Division 3 June 12, 1972, at Grand Rapids. (Docket No. 13014.) Decided August 30, 1972. Leave to appeal applied for.

Jimmy D. McIntosh was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Reversed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 527, 584, 585.
Court's right, on imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant, 96 ALR2d 768.

*Derengoski,* Solicitor General, and *Ronald J. Taylor,* Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

FITZGERALD, P. J. Defendant was convicted, upon a plea of guilty, of committing larceny in a building, a violation of MCLA 750.360; MSA 28.592. He appeals as of right.

Defendant contends that the trial court erred in taking into consideration defendant's juvenile court record in imposing sentence. In light of recent decisions of this Court, we agree that this was error. MCLA 712A.23; MSA 27.3178(598.23); and *People v McFarlin,* 41 Mich App 116 (1972).

Because the trial court is at this point aware of defendant's juvenile record and we would have no way of knowing if the resentencing process would be affected by this knowledge, we direct that a new presentence report which excludes reference to defendant's juvenile record be obtained and that defendant be resentenced by a judge other than the sentencing judge herein.

The resolution set forth above renders the other issue raised by defendant moot.

Reversed and remanded for resentencing.

T. M. BURNS, J., concurred.

HOLBROOK, J. *(for affirmance).* This writer is unable to agree with the majority opinion for reversal for the reasons stated in Justice O'HARA's opinion in which this writer concurred in the case of *People v Pence,* 42 Mich App 215 (1972).

I would affirm the trial court.