PEOPLE v BEARD

CRIMINAL LAW—SENTENCING—JUVENILE RECORD—USE.
   A sentencing judge's use of a defendant's juvenile record in
   arriving at the sentence imposed is not prohibited by statute
   (MCLA 712A.23).

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 October 10, 1972, at Detroit.
(Docket No. 13231.) Decided January 17, 1973.
Affirmed by Supreme Court, 390 Mich —.

John D. Beard was convicted of the fraudulent
use of a credit card. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Leonard Mey-
ers,* Assistant Prosecuting Attorney, for the people.

*Jerome Reif,* Assistant State Appellate De-
fender, for defendant.

Before: V. J. BRENNAN, P. J., and LEVIN and
O'HARA,* JJ.

O'HARA, J. This is an appeal of right from a
conviction for fraudulent use of a credit card,
MCLA 750.157q; MSA 28.354(16).

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
   Children §§ 4, 8.
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

At the time of sentence the trial judge said to the defendant:

> *"The Court:* I appreciate your marital status, Mr. Beard, but I have before me this history. Apparently, you have been involved in criminal behavior since you were 16, and attempts have been made to let you see the error of your ways, but not very successfully."

MCLA 712A.23; MSA 27.3178(598.23) provides:

> "A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter."

The question presented is whether the use of the disposition of charges brought against the defendant while subject to the jurisdiction conferred by the above chapter could be considered by the trial judge in arriving at the sentence imposed.

It would be of absolutely no service to trial bench or bar to restate the reasons given by the various judges of this Court in support of their conflicting views on this question. Those who have written to the point are practically equally divided between the rationale of *People v Coleman,* 19 Mich App 250 (1969), and that of *People v McFarlin,* 41 Mich App 116 (1972), *leave granted,* 388 Mich 761 (1972), and the subsequent cases which followed one case or the other.

The issue is now before our Supreme Court by grant of leave to appeal in *McFarlin, supra,* and *People v Rabb, leave granted,* 388 Mich 762 (1972). Thus no binding precedent obtains. We adhere to the position expressed in *Coleman, supra,* and *People v Pence,* 42 Mich App 215 (1972).

If leave is denied by the Supreme Court, the defendant's bond will be deemed cancelled. If leave is granted, the bond shall continue in full force until the further order of the Supreme Court.

Affirmed.

All concurred.