PEOPLE v PREBBLE

Opinion of the Court

1. Criminal Law—Sentence—Presentence Report—Juvenile Record.

   Consideration of a defendant's juvenile record in sentencing is reversible error requiring that a new presentence report, which excludes reference to the juvenile record, be obtained and that defendant be resentenced by a judge other than the original sentencing judge.

Dissent by Holbrook, P. J.

2. Criminal Law—Sentence—Presentence Report—Juvenile Record.

   *It is not error for a trial judge to consider a defendant's juvenile record when sentencing him.*

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 January 5, 1973, at Grand Rapids. (Docket No. 13752.) Decided February 23, 1973.

Ralph C. Prebble was convicted, on his plea of guilty, of attempted breaking and entering with intent to commit larceny. Defendant appeals. Remanded for resentencing with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston,* III, Chief Appellate Attorney, for the people.

Reference for Points in Headnotes
[1, 2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.

*Martin I. Reisig,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant was charged with breaking and entering with intent to commit a larceny, MCLA 750.110; MSA 28.305. As a result of certain plea bargaining, a second count of attempted breaking and entering with intent to commit a larceny, MCLA 750.92; MSA 28.287, was added. Defendant pled guilty to the second count. At sentencing, the trial judge indicated that in light of defendant's "bad juvenile record" a prison sentence was warranted; and, thereafter, sentenced defendant to a prison term of from 2-1/2 to 5 years. After appellate counsel was appointed, a motion to vacate the sentence, on account of the consideration of defendant's juvenile record, was filed. The motion was denied by the trial judge. This appeal of right followed.

Defendant raises two issues on appeal; the first of which relates to whether defendant understandingly waived his constitutional right at the time of giving his plea. It will suffice to say that this issue has been fully considered and was found to be lacking in merit.

The central issue of this case involves a question which brought about disagreement among the judges of this Court; that being: Whether the trial judge, in fixing sentence, can consider the defendant's juvenile record.

The source of the difficulty, which led to the disagreement among the judges, lies in the interpretation of the legislative intent as it relates to

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the use of "evidence" as set forth in MCLA
712A.23; MSA 27.3178(598.23). The issue was
squarely presented in *People v Coleman,* 19 Mich
App 250, 256 (1969), where this Court said:

> "Nor does § 23 preclude examination of juvenile rec-
> ords for the purpose of sentencing. The express terms of
> the statutory prohibition bar only the use of prior
> juvenile dispositions as 'evidence'. Read in the light of
> its generally accepted meaning, 'evidence' connotes tes-
> timony and matters actually presented at trial. The
> post-conviction examination of juvenile records in order
> to impose a fair and just sentence is not a use of such
> records as 'evidence'. *Cf. Commonwealth v Myers*
> (1958), 393 Pa 224 (144 A2d 367); *State v Jones* (1966),
> 91 NJ Super 67 (219 A2d 193).
> "Affirmed.
> "All concurred."

This conclusion has been followed in 13 subse-
quent opinions including *People v Pence,* 42 Mich
App 215, 217 (1972), where a majority of the panel
said:

> "To us, the Legislature, in passing the statute, in-
> tended to protect the juvenile from prejudicial evidence
> against him during trial. It did not intend to insulate
> the sentencing judge from information which would
> better enable him to impose a just sentence."

In *People v McFarlin,* 41 Mich App 116, 126
(1972), an opposite conclusion was reached as to
the meaning of the term "evidence" as used in the
statute. The *McFarlin* Court held:

> "The noncriminal nature of the juvenile court pro-
> ceeding in Michigan would be subverted if a juvenile's
> record could somehow find its way into a criminal trial
> even if it be solely for purposes of determining sentenc-
> ing. The Michigan Legislature recognized this when

they totally and unequivocally excluded the use of a juvenile's record at a criminal proceeding 'for any purpose whatever'. MCLA 712A.23; MSA 27.3178(598.23). The trial court was, therefore, in error when it considered defendant's prior juvenile record in aggravation of sentence."

At the time of the writing of this opinion the *McFarlin* position has been followed in five subsequent opinions.

Inasmuch as leave to appeal was granted by the Supreme Court in *McFarlin* and certain of the *McFarlin* progeny, the resolution of the disagreement among the judges of this Court will have to await the decision of that Court. In the meantime, it appears that a majority of the judges of this Court who have confronted this issue since *McFarlin* have followed the dictates thereof. Since Judge FITZGERALD and I have followed *McFarlin* on prior occasions, we feel constrained to do likewise until the Supreme Court has resolved the issue. We therefore remand with the same instructions as set forth in *People v McIntosh,* 42 Mich App 640, 641 (1972), that:

"Because the trial court is at this point aware of defendant's juvenile record and we would have no way of knowing if the resentencing process would be affected by this knowledge, we direct that a new presentence report which excludes reference to defendant's juvenile record be obtained and that defendant be resentenced by a judge other than the sentencing judge herein."

In all fairness to the trial judge, we would note that the sentencing, motion for vacation of sentence, and the denial of that motion by the trial court predated the *McFarlin* opinion.

The conviction is affirmed, but the cause is

remanded for resentencing in accordance with this opinion.

Fitzgerald, J., concurred.

Holbrook, P. J. *(for affirmance).* This appeal is controlled either by *People v McFarlin,* 41 Mich App 116 (1972), or *People v Coleman,* 19 Mich App 250 (1969).

The defendant pled guilty to attempted breaking and entering with intent to commit larceny and was sentenced to serve 2-1/2 to 5 years. At sentencing, the court took into consideration the defendant's juvenile record.

Thereafter, the defendant made a motion to vacate the sentence claiming that such juvenile records could not under the statute be legally considered in sentencing the defendant. MCLA 712A.23; MSA 27.3178(598.23) states:

"A disposition of any child under this chapter, or any evidence given in such case, *shall not* in any civil, criminal or any other cause or proceeding whatever *in any court, be lawful or proper evidence against such child for any purpose whatever,* except in subsequent cases against the same child under this chapter." (Emphasis supplied.)

This motion was considered by the trial court in January of 1972 which was subsequent to *People v Coleman, supra,* and prior to the release of *People v McFarlin, supra,* in May of 1972. It is unknown how the trial judge would have ruled had *People v McFarlin* been available before the trial court considered the motion.

It is this writer's opinion that *People v Coleman, supra,* is the correct rule to follow in determining the single question before this Court in the instant

case. In *People v Pence,* 42 Mich App 215 (1972), Justice O'HARA and this writer declined to follow *McFarlin* and adhered to *People v Coleman, supra,* for the reasons therein stated.

I would affirm.