PEOPLE v HILL

Opinion of the Court

1. Criminal Law—Sentencing—Juvenile Record—Statutes.

Consideration by the trial court of the juvenile record of a defendant in determining a proper sentence is not in violation of the statute which precludes the use of such records as "evidence against such child" (MCLA 712A.23).

Concurrence in Part, Dissent in Part by Lesinski, C. J.

2. Criminal Law—Sentencing—Juvenile Record—Statutes.

The statute barring the use of juvenile records "for any purpose whatever" forbids a sentencing judge from relying on a juvenile record for the result of the juvenile court adjudication (MCLA 712A.23).

3. Criminal Law—Presentence Report—Juvenile Records.

The material to be accumulated for use in a presentence report must be obtained from sources other than the juvenile records of the probate courts.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 March 16, 1973, at Detroit. (Docket No. 15377.) Decided April 26, 1973.

Grant I. Hill was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Reference for Points in Headnotes

[1–3] 47 Am Jur 2d, Juvenile Courts, Delinquent and Dependent Children §§ 4, 8.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and AD-AMS,* JJ.

HOLBROOK, J. Defendant was charged with first-degree murder in violation of MCLA 750.316; MSA 28.548. On recommendation by the prosecuting attorney the defendant was permitted to plead guilty to second-degree murder, a violation of MCLA 750.317; MSA 28.549.

In this homicide the victim was a lady who was stabbed to death July 24, 1972. At the time defendant pled guilty to second-degree murder he was 18 years old.

The only issue raised in this appeal is whether it is reversible error for the trial judge to consider the juvenile record of the defendant at the time of sentencing.

Our Court does not have a unanimous view on this issue. The foundation case, *People v Coleman,* 19 Mich App 250 (1969), is authority for the rule that the trial court may review a defendant's juvenile record in determining the sentence to be imposed; that the trial court in considering the juvenile record of a defendant in determining a proper sentence is not in violation of MCLA 712A.23; MSA 27.3178(598.23).

We reiterate what this Court stated in that case on pages 255–256:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Defendant relies on § 23 of that portion of the probate code which pertains to juveniles:

" 'A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter.'

"Prior to imposition of sentence in a felony case, a probation officer must inquire into the defendant's antecedents, character and circumstances and furnish a report thereon to the sentencing judge. CL 1948, § 771.14 (Stat Ann 1954 Rev § 28.1144) requires:

" 'Before sentencing any person charged with a felony, and, if directed by the court, in any other case where any person is charged with a misdemeanor within the jurisdiction of the court, the probation officer shall inquire into the antecedents, character and circumstances of such person or persons, and shall report thereon in writing to such court or magistrate.'

Webster defines 'antecedents' and 'character' thus:

*antecedents:* the significant events, conditions, principles, traits, or activities of one's earlier life.

*character:* the complex of accustomed mental and moral characteristics and habitual ethical traits marking a person.

"To be true and complete, the required inquiry must include whatever reasonably obtainable juvenile record an accused may have. Only by examination of a complete report, containing any such record, can the court properly perform its duties: to determine whether 'defendant is not likely again to engage in an offensive or criminal course of conduct' and whether 'the public good does not require that the defendant shall suffer the penalty imposed by law'; and, if probation be granted, 'to fix and determine the period and conditions' thereof.

"Nor does § 23 preclude examination of juvenile records for the purpose of sentencing. The express terms of the statutory prohibition bar only the use of prior juvenile dispositions as 'evidence'. Read in the light of its generally accepted meaning, 'evidence' connotes tes-

timony and matters actually presented at trial. The post-conviction examination of juvenile records in order to impose a fair and just sentence is not a use of such records as 'evidence'. *Cf. Commonwealth v Myers* (1958), 393 Pa 224 (144 A2d 367); *State v Jones* (1966), 91 NJ Super 67 (219 A2d 193)."

Through April of 1972 various panels of this Court without exception followed *Coleman* as controlling precedent.

Thereafter in *People v McFarlin,* 41 Mich App 116 (1972), a panel of this Court consisting of Chief Judge LESINSKI, with Judges BRONSON and TARGONSKI concurring, declined to follow *Coleman* and its progeny, ruling that it constituted reversible error for a judge to consider a defendant's juvenile record in determining sentence.

Then in *People v Pence,* 42 Mich App 215, 216–217 (1972), another panel of this Court, of which this writer was a member, declined to follow *McFarlin* and adhered to the holding in *People v Coleman, supra,* for two reasons which we reiterate as follows:

"First, we think *McFarlin* misinterprets the involved statute. The record of juvenile proceedings is not 'evidence against such child'. The adversary proceeding is over at the time of imposition of sentence and 'myopically', 'penumbrally' or otherwise, that record is simply not 'evidence' and, more importantly, it is not necessarily to be used 'against such child'.

"This brings us to our second reason. The regrettable logical error in *McFarlin* is the totally unsupported assumption that the juvenile record will *necessarily* be used by the sentencing judge *against* the defendant. We can conceive of many instances in which it might be his saving grace, and used to his benefit.

"It is, in our view, wrong to deny the sentencing judge a dependable record of the past doings of a defendant about to be sentenced. Much better this than

an investigation by a probation officer, the conclusions therefrom which are incontestably available to the judge. I would much rather leave to the sound discretion of the judge who has presided over the trial what significance, if any, to ascribe to the juvenile record.

"Trial judges, trained and experienced, are admirably suited to distinguish between childish prank-like offenses and other minor infractions, and a record of serious violations of a socially dangerous character.

"To us, the legislature, in passing the statute, intended to protect the juvenile from prejudicial evidence against him during trial. It did not intend to insulate the sentencing judge from information which would better enable him to impose a just sentence."

We believe that *People v Coleman, supra,* and *People v Pence, supra,* correctly state the law on this issue.

Affirmed.

Adams, J., concurred.

Lesinski, C. J. *(concurring in part; dissenting in part).* Defendant pleaded guilty to second-degree murder, MCLA 750.317; MSA 28.549. He appeals contending that the trial judge erred in utilizing his juvenile record in sentencing.

The record at sentencing indicates that the trial judge did in fact use a juvenile record in sentencing the defendant.[1] It was held in *People v Mc-*

---

[1] The record at sentencing is in part:

*"The Court:* We had a similar case in 1969 which he tried to rape a young lady at knife-point.

\* \* \*

"Weren't you arrested in '69 under similar circumstances?
*"Defendant:* Yes.
*"The Court:* Almost the same thing except the lady was a little more alert; also a knife.

\* \* \*

*"Mr. Hill:* Was there a conviction on that or just an arrest?
*"The Court:* He was a juvenile then. He was placed on probation for it by Juvenile Court.

*Farlin,* 41 Mich App 116 (1972),[2] that a criminal defendant's juvenile record may not be utilized by a judge in sentencing. In excluding the use of a juvenile's record "for any purpose whatever", the Michigan Legislature expressed its desire to keep the processes of the juvenile courts entirely apart and separate from adult criminal trials.

*McFarlin* does not preclude the trial judge from investigating into a criminal defendant's juvenile background. Indeed, the probation department must by statute (MCLA 771.14; MSA 28.1144) "inquire into the antecedents, character and circumstances of such person or persons, and shall report thereon in writing to such court or magistrate" prior to sentencing. The holding in *McFarlin* does not conflict with the statute cited above.

The statute barring the use of juvenile records "for any purpose whatever", MCLA 712A.23; MSA 27.3178(598.23), does, however, forbid a sentencing judge from relying on a juvenile record for the result of the juvenile court adjudicative process. *People v Chappell,* 44 Mich App 204 (1972).

The material to be accumulated for use in the presentence report must be obtained from sources

"Except the lady didn't get murdered. This was in the 1st floor apartment. She was much more alert. He's eighteen now. This occurred when he was fifteen. Almost identical circumstances.

"*Mr. Hill:* It does somewhat parallel the facts in this case.

"*The Court:* Is that correct, basically, as I related it? He tried to attack the girl with the knife. She said, 'Don't do it here; come up to my apartment.' They went in the apartment, and there were several relatives or friends there. Well, Mr. Hill certainly has some problems. For the protection of society, I am going to sentence him to 18 to 35 years."

[2] *Leave to appeal granted,* 388 Mich 761 (1972). *See, also, People v Rabb* (Docket No. 11854, decided June 5, 1972 [unreported]), *leave to appeal granted,* 388 Mich 762 (1972); and *People v Loomis* (Docket No. 11000, decided May 31, 1972 [unreported]), *leave to appeal granted,* 388 Mich 763 (1972).

other than the juvenile records of the probate courts.

I would order the sentence set aside and the cause remanded to the trial court for resentencing by the trial court's alternate or such judge as the presiding judge would designate. *People v McIntosh,* 42 Mich App 640 (1972). A new presentence report should also be ordered deleting all reference to defendant's juvenile record.

I vote to affirm the conviction and remand for resentencing.