*In re* HOULAHAN

ATTORNEY AND CLIENT—ADMISSION TO PRACTICE LAW—ALIENS—
EQUAL PROTECTION—SUPERINTENDING CONTROL.

Writ of superintending control should issue and petitioner, a permanent resident alien of the United States who passed the bar examination of Michigan and was determined to be of satisfactory moral character, should be admitted to the practice of law in Michigan upon motion duly made for that purpose because the requirement in a statute that to be qualified for admission to the Bar of Michigan the person must prove he is a citizen of the United States denied petitioner the equal protection of the law as assured by the Fourteenth Amendment to the Federal Constitution (US Const, Am XIV; MCLA 600.934).

Appeal from the Board of Law Examiners denying certification of petitioner for admission to the Bar of Michigan. Submitted May 9, 1973. (No. 7 May Term 1973, Docket No. 54,268.) Decided July 24, 1973.

Motion by Terrance P. Houlahan for superintending control, filed in the Supreme Court, praying for an order directing the State Board of Law Examiners to certify him for admission to the Bar of Michigan. Motion treated as an application for leave to appeal and leave granted. Writ of superintending control issued for petitioner to be admitted to the practice of law upon motion for that purpose.

Terrance P. Houlahan, *in propria persona.*

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Attorneys at Law § 8.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Solicitor General, for State Board of Law Examiners.

T. E. BRENNAN, J. This is an original action seeking writ of superintending control in the nature of mandamus directing the State Board of Law Examiners to certify petitioner for admission to the practice of law. The sole basis upon which respondent board refuses to certify petitioner is that he is not a citizen of the United States as required by statute.[1]

The petitioner, Terrance P. Houlahan, is a native born Canadian citizen who was lawfully admitted to the United States as a permanent resident alien in May, 1971. Prior to that time, he resided with his parents in Windsor, Ontario. Subsequent to admission, he has resided in the Detroit area and is presently employed as a law clerk for the Macomb County Circuit Court. The applicant received all his post secondary education in the United States and holds a Bachelor of Business Administration Degree from the Detroit Institute of Technology (1969) and a Juris Doctor Degree from the Detroit College of Law (1971).

In the spring of 1972, he passed the Bar examinations of Michigan and Illinois on first attempts and was determined to be of satisfactory moral character by the bar examiners in both states.

---

[1] MCLA 600.934; MSA 27A.934 provides in part:

"A person is qualified for admission to the bar of this state who proves to the satisfaction of the board of law examiners that he is a person of good moral character, and is of the age of 18 years, and *is a citizen of the United States of America,* and a resident of 1 of the states or territories or the District of Columbia thereof, and has the required general education, learning in the law, and fitness and ability to enable him to practice law in the courts of record of this state, and that he intends in good faith to practice or teach law in this state." (Emphasis added.)

Illinois does not require citizenship to practice law and he was subsequently admitted to practice in that state.

On June 25, 1973, the Supreme Court of the United States decided the case of *In re Griffiths,* — US —; 93 S Ct 2851; 37 L Ed 2d 910; 41 LW 5143 (1973). In that case, over the dissents of Justice Rehnquist and the Chief Justice, the Supreme Court of the United States decided that Rule 8(1) of the Connecticut Practice Book (1963) requiring United States citizenship as a condition for admission to the practice of law denied to petitioner Griffiths the equal protection of the laws as assured by the Fourteenth Amendment to the Federal Constitution.

*In re Griffiths* controls the issue raised in these proceedings and, accordingly, the writ of superintending control will issue as prayed for and petitioner Houlahan will be admitted to the practice of law in Michigan upon motion duly made for that purpose.

No costs, a public question being involved.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. E. BRENNAN, J.