**Kevin J. SPURGEON, and Edmund F. Gurzynski, Administrator of the Estate of Jeffrey M. Gurzynski, Plaintiffs,**

**v.**

**FORD MOTOR COMPANY OF CANADA LIMITED and The Ford Motor Company, Defendant.**

**No. K78–691 CA9.**

United States District Court, W. D. Michigan, S. D.

Dec. 17, 1980.

---

Roger A. Bird, Sturgis, Mich., Co–Counsel, Arthur W. Brill, Kalamazoo, Mich., for plaintiffs.

Don V. Souter, Grand Rapids, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This diversity action presents an issue involving the interplay and relationship between a cause of action for products liability and the Michigan No Fault Act, M.C.L.A. 500.3101, et seq. On January 27, 1976, Kevin Spurgeon, an Indiana resident was operating his motor vehicle in Branch County, Michigan. At that time, the vehicle was involved in an accident which resulted in serious and permanent injuries to Kevin Spurgeon and the death of his passenger, Jeffrey Gurzynski. The crucial factual issue involved in this case is whether that accident was caused by the rear axle separating from its housing or whether the axle separated subsequent to the vehicle going out of control.

Subsequent to the accident, plaintiffs filed this diversity action alleging breach of warranty and negligence in the design and/or manufacture of the Ford Maverick in which the injured parties were riding. The case is presently before this Court on Defendants' (hereinafter collectively referred to as Ford Motor) motion to prohibit the use of evidence at trial. The evidence which Ford Motor seeks to exclude from the trial consists of plaintiff Spurgeon's medical bills, lost wages, and any other expenses which were paid by his own insurance company. Ford Motor alleges that the provisions of § 3135 of the Michigan No Fault Act limit the plaintiff's recovery to non–economic losses such as pain and suffering which were not reimbursed by Spurgeon's insurance carrier. Based on all the reasons which follow, this Court disagrees with Ford Motor's contentions and accordingly denies its motion to exclude such evidence.

Section 3135 of the Michigan No Fault Act (M.C.L.A. 500.3135) provides, in pertinent part:

(1) A person remains subject to tort liability for non–economic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or, permanent serious disfigurement.

(2) Notwithstanding any other provision of law, tort liability arising from the operation, maintenance or use within this state of a motor vehicle with respect to which the security required by § 3103(3) and (4) was in effect is abolished except as to: ...

Ford Motor cites the recent case of *Citizens Insurance Co. v. Tuttle*, 96 Mich.App. 763, 294 N.W.2d 224, lv. to app. granted, 409 Mich. 923 (1980) in support of its contention that, any time a motor vehicle is involved in an accident, tort liability for anything other than non–economic losses is abolished no matter what other legal theory may give rise to the cause of action against the defendant. In other words, so long as the plaintiff was operating a motor vehicle § 3135 applies and the defendant's tort liability is abolished except for non ·economic losses if the required threshold is met. While it is clear that the two to one majority in *Citizens Insurance* so held, this Court, for reasons discussed later in this opinion, is not bound by that decision in this case.

■ Firstly, this Court notes that § 3135(2) provides that tort liability is abolished with respect to the operation, maintenance or use of a motor vehicle with respect to which the security required by § 3101(3) and (4) was in effect. Section 3101(1) mandates security for payment of benefits for a "motor vehicle required to be registered in this state" and subsections (3) and (4) of that section spell out the type of security which must be obtained. According to M.C.L.A. 257.243, a non–resident of the State of Michigan is not required to register his or her vehicle in Michigan. Although this Court believes that the above mentioned provisions of § 3135(2) were part of the Legislature's attempt to abolish tort liability for economic losses only for those potential defendants who post the required security, that result does not necessarily follow from the reasoning of the *Citizens Insurance* court. Rather, according to the *Citizens Insurance* decision, the insured status of the Spurgeon vehicle would define the scope of the defendants' tort liability. Since Kevin Spurgeon was a resident of the State of Indiana he was not required to register his vehicle in Michigan and thus that vehicle cannot be one "with respect to which the security *required* by § 3101(3) and (4) was in effect." Whether Spurgeon carried automobile insurance voluntarily or pursuant to another state's laws is purely a collateral matter.

■ Secondly, this Court is aware of a split of authority from the Michigan Court of Appeals with respect to the issue decided in *Citizens Insurance*. According to Michigan Law there is no binding precedent in a situation where there are conflicting decisions of the Court of Appeals and the issue is before the Michigan Supreme Court on leave granted. *People v. Beard*, 44 Mich. App. 399, 205 N.W.2d 237, *aff'd* 390 Mich. 759, 209 N.W.2d 250 (1973).

■ In *Schwark v. Lilly*, 91 Mich.App. 189, 283 N.W.2d 684 (1979) a unanimous panel of the Michigan Court of Appeals also addressed the issue involving the situation where the injured party is operating a motor vehicle but where the alleged tortfeasor's liability is based on some legal theory other than negligence in the operation of a motor vehicle. The *Schwark* court was faced with the issue of whether the no fault insurer was entitled to reimbursement for benefits paid to the plaintiff where the plaintiff's case against one of the tortfeasors was based on the Michigan Dram Shop Statute. In denying recovery to the insurer because the Dram Shop defendant's liability did not arise out of the use, operation, or maintenance of an automobile, the Michigan Court of Appeals also stated:

Another example of a theory of liability which may be the basis of a claim for damages following a motor vehicle accident is products liability. As is the case with dram shop liability, liability under this theory would not arise out of the

operation, maintenance, or use of a motor vehicle. 91 Mich.App. 203, 283 N.W.2d 684.

Basically, the split of authority in the Michigan Court of Appeals apparently represents differing views about the role of personal protection benefits which are paid by the insurer. The No Fault Act clearly limits the right of the insurer to recover benefits paid to the plaintiff which are later realized by duplicate recovery in a tort action to situations where the accident occurred out of the State of Michigan, where the tortfeasor was uninsured or where the tort was an intentional one. (M.C.L.A. 500.3116(2)). Other than in those three situations, the payment of personal protection benefits is treated no differently than payment from any other collateral source when considering whether those damages can be recovered from the tortfeasor. M.C.L.A. 500.3116(1) is clear in stating that "a subtraction from personal protection insurance benefits shall not be made because of the value of a claim in tort based on the same accidental bodily injury." Such section clearly recognizes the possibility that the automobile accident may give rise to claims against tortfeasors under theories which may cause the accident other than negligence in the operation of a motor vehicle. By implication it is also clear that economic damages could be recovered in such a tort action. In accordance with these two sections of the No Fault Act, the *Schwark* court treated the benefits paid to the injured party as any other type of medical or disability insurance would be treated--evidence of their payment would be barred by the collateral source rule and duplicate recovery would be permitted against the tortfeasor. *Squires v. Bd. of County Road Com'rs of Kalamazoo County*, 378 Mich. 613, 147 N.W.2d 65 (1967).

As previously indicated, this Court notes that the Michigan Supreme Court has recently granted leave to appeal the decision in the *Citizens Insurance* case. This Court believes that when that case is ultimately decided, the Court of Appeals decision will be reversed and the Michigan Supreme Court will follow the reasoning of the four judges of the Court of Appeals who agree with the *Schwark* approach. A contrary result would mean that all automobile manufacturers who are defendants in products liability cases would be relieved of liability for medical expenses, lost wages, and other economic expenses merely because, from the plaintiff's perspective, the action arose out of the use, operation or maintenance of a motor vehicle. The *Schwark* decision clearly recognizes that such result was not the intent of the Michigan No Fault Act. This Court does not believe that the Michigan Supreme Court would interpret the Act so as to yield such an absurd result. *Shoemaker v. Nat'l Ben Franklin*, 78 Mich.App. 175, 259 N.W.2d 414 (1977); *State Farm v. Kurylowicz*, 67 Mich. App. 568, 242 N.W.2d 530 (1976).

Accordingly, defendant's motion is denied and evidence of all proper items of damages sustained as a result of the January, 1976 accident will be admissible at trial.

IT IS SO ORDERED.